UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SENACA V. LAPSLEY,

        Petitioner,

        v.                              CAUSE NO.: 3:19-CV-773-PPS-MGG

WARDEN,

        Respondent.

### OPINION AND ORDER

Senaca V. Lapsley, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for aggravated battery and criminal recklessness under Case No. 20D5-1312-FB-247. Following a jury trial, on August 7, 2014, the Allen Superior Court sentenced him as a habitual offender to seventy-eight years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, I must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on

> direct appeal of his conviction or in post-conviction proceedings. This
> means that the petitioner must raise the issue at each and every level in
> the state court system, including levels at which review is discretionary
> rather than mandatory.

*Id.* at 1025-26 (citations omitted). Until exhaustion has occurred, federal habeas relief is not available. *Id.* Further, "[a] petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

In the petition, Lapsley argues that he is entitled to habeas relief because the trial court failed to properly instruct the jury on the elements of aggravated battery. However, Lapsley states that he did not present this argument to the Indiana Supreme Court because he did not know how. He further states that, on June 27, 2019, the Court of Appeals of Indiana issued its most recent decision on Lapsley's case, which indicates that he can no longer file a petition to transfer and that this claim is procedurally barred. *See* Ind. App. R. 57(C)(1) (petition to transfer must be filed within 45 days of adverse decision from the Court of Appeals of Indiana if rehearing not sought). While there are limited exceptions in which a petitioner may obtain habeas relief despite a procedural bar, the petitioner's lack of knowledge is not among them. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012) (quotation omitted) (emphasis in original) ("Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule."). Senaca also argues that he did not receive a hearing on his petition

2

for post-conviction relief in State court, but this claim suffers from the same procedural deficiencies and does not present a cognizable ground for habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (stating that States have no obligation to provide an avenue for post-conviction relief). Consequently, based on the face of the petition, Lapsley is not entitled to habeas relief.

Nevertheless, I observe that Lapsley's explanation of why he did not present his jury instruction claim to the Indiana Supreme Court is both vague and difficult to parse. It may be the case that he has a more robust explanation, and, given his pro se status, I will grant him leave to file an amended petition. However, Lapsley should only file an amended petition if he believes he can adequately address this deficiency. If he chooses to file an amended petition, he should use this court's form habeas petition, AO-241 (Rev. 1/15) (Conviction, INND Rev. 8/16), which he can obtain at the prison law library.

As a final matter, Lapsley has not resolved his filing fee status. To proceed with this case, he must either immediately pay the $5.00 filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he must attach his prison account summary for the last six months.

For these reasons, the court:

(1) DENIES the habeas petition (ECF 1);

(2) GRANTS Senaca V. Lapsley until <u>November 4, 2019</u>, to file an amended petition and to resolve his filing fee status; and

(3) **CAUTIONS** Senaca V. Lapsley that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: October 4, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT